# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LIFETREE TRADING, PTE., LTD.,<br><br>Plaintiff,<br><br>v.<br><br>JACOB O. KINGSTON,<br><br>Defendant. | **MEMORANDUM DECISION & ORDER**<br><br><br>Case No. 2:18-cv-215-CW<br><br>District Judge Clark Waddoups |

Before the court is Defendant Jacob O. Kingston's Motion to Strike Portions of Plaintiff's Verified Complaint, in which Kingston argues that substantial portions of the Complaint should be stricken because "they have no possible bearing on the controversy and therefore are irrelevant, immaterial, impertinent, and scandalous." (ECF No. 30.) Having considered the briefing and otherwise being fully informed, the court determines oral argument is unnecessary, Local Rule D.U. Civ. R. 7-1(f), and DENIES Mr. Kingston's Motion for the reasons stated herein.

Federal Rule of Civil Procedure 12(f) permits the court, within its discretion, to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" on its own or on a motion by one of the parties. "Rule 12(f) . . . is designed to reinforce the requirement in Rule 8(e) that pleadings be simple, concise, and direct." 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 (2007). But because of the risk that a motion to strike may be used for some purpose other than what 12(f) intends, such as seeking dismissal of all or part of the complaint or for dilatory or harassing purposes, courts

disfavor and infrequently grant motions to strike. *Id.*; *see also Waterton Polymer Prod. USA, LLC v. EdiZONE, LLC*, No. 2:12-CV-17 TS, 2012 WL 4024626, at *2 (D. Utah Sept. 12, 2012). As such, the moving party must show that the material proposed to be stricken is "so unrelated to the plaintiff's claims as to be unworthy of any consideration" and is prejudicial to the moving party. 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 (2007). Defendant's motion fails on both accounts.

Kingston has not shown that the alleged offending paragraphs are so unrelated that they are unworthy of consideration. As an initial matter, the court notes that the Motion has been brought before any discovery has been conducted, aside from in preparation for the hearing on the prejudgment writ. The court also notes that, because Lifetree must show fraud, it must comply with the heightened pleading standard of Federal Rule of Civil Procedure 9(b) as well as the pleading standards clarified by *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556–57 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Because of the heightened pleading standard for fraud, it is unsurprising, and even expected, that the Complaint is detailed and thorough in its allegation of the facts.

The content Kingston seeks to have stricken represents the majority of the complaint and all of the detailed allegations related to Washakie Renewable Energy's past legal and financial dealings. Kingston claims these paragraphs have no possible bearings on the controversy now before the court—in short, whether Washakie fraudulently transferred approximately $10 million to Kingston and whether Kingston can be held liable for Washakie's debt to LifeTree. Despite his claims to the contrary, the opposed content may be relevant to the claims alleged and the relief sought. For instance, Washakie's financial status and the details surrounding its deal for

Soy Methyl Ester with LifeTree may address whether Washakie was undercapitalized at the time it made the alleged transfer to Kingston, Utah Code §25-6-5(b)(i), or was incurring debt beyond its ability to pay at the time of the transfer, *id.* § 25-6-5(b)(ii). Further, the allegations related to Washakie and Kingston's past conduct in litigation as well as allegations of an ongoing fraudulent scheme, speak directly to whether Washakie had the intent to defraud, as measured by the badges of fraud, at the time of the transfer, *id.* § 25-6-5(a), and whether observance of the corporate form would sanction a fraud, along with the other considerations in the fact intensive alter ego analysis, *Jones & Trevor Mktg., Inc. v. Lowry*, 284 P.3d 630, 635–36 (Utah 2012).

To cut the Complaint to the bare factual allegations set forth in the introduction, party identification, and jurisdictional statement, as Kingston requests, would remove factual allegations that may be relevant. While it is possible that some of the paragraphs Kingston has identified will not ultimately be relevant by the time of trial, the court cannot conclude at this early date that they are irrelevant, especially given the heightened requirement for detailed pleading when fraud is involved. And because Kingston has not shown these allegations are irrelevant, the court need not decide whether he would be unduly prejudiced by inclusion of such facts in the Complaint. The court notes, however, that it does not see any apparent prejudice and that it is unpersuaded by Kingston's claim that a trier of fact could draw unwarranted inferences. This case has only just begun and its scope will be defined through discovery and motion practice, and Kingston will have opportunities to object as the record develops. The Motion is DENIED.

DATED this 11th day of June, 2018.

BY THE COURT:

_____
Clark Waddoups
United States District Judge