IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LIFETREE TRADING, PTE., LTD., <br><br> Plaintiff, <br><br> v. <br><br> JACOB O. KINGSTON, <br><br> Defendant. | **MEMORANDUM DECISION & ORDER** <br><br><br> Case No. 2:18-cv-215-CW <br><br> District Judge Clark Waddoups |

Before the court are Defendant Jacob O. Kingston's four Motions to Quash Subpoenas. (ECF Nos. 68–70, 72.) The subpoenas, which are largely identical, require Washakie Renewable Energy, Jacob Kingston, Isaiah Kingston, and Sally Kingston[1] to do as follows: appear before this court for a hearing June 12, 2018, at 8:30 a.m. during which the court will hold an evidentiary hearing on the writ of attachment and produce all bio fuel tax credit forms signed by Kingston between 2012 and 2015, all communications from the IRS and other federal agencies that the bio fuel credits were improper or subject to repayment, and all documents identified in Isaiah Kingston's declaration, which was attached as an exhibit to Kingston's response to the motion for writ. Defendant argues the subpoenas are improper because they seek irrelevant information, are not proportional, and implicate Isaiah and Jacob Kingston's Fifth Amendment rights. Having considered the briefing and otherwise being fully informed, the court determines

---

[1] The subpoena of Sally Kingston does not request the documents from Isaiah Kingston's declaration.

oral argument is unnecessary, Local Rule D.U. Civ. R. 7-1(f), and acting within its discretion DENIES Defendant's motions for the reasons stated herein.[2]

Federal Rule of Civil Procedure 26(b)(1) defines the proper scope of discovery as follows:

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.[3]

Defendant contends the items requested are neither relevant nor proportional.

First, the three categories of evidence requested are relevant. The first and second requests relate to fuel credits Washakie Renewable Energy may have claimed while Kingston was the CEO. These credits are the subject of a purported fraud investigation being undertaken by the United States government, which LifeTree has alleged as evidence demonstrating Washakie had fraudulent intent when it transferred approximately $10 million to Kingston and that a fraud would be perpetrated if the corporate veil is not pierced to allow LifeTree to recover from Kingston. Therefore, the requests for information about fuel credits, including what credits were reported and whether Kingston had notice that that the credits may have been improperly

---

[2] "The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion." *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (quotations and citations omitted).

[3] "Rule 45 does not include relevance as an enumerated reason for quashing a subpoena. It is well settled, however, that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b)4 and Rule 34." *In re Capuccio*, 558 B.R. 930, 935 (Bankr. W.D. Okla. 2016).

filed, are relevant to show fraud. The documents referenced in Isaiah Kingston's declaration are similarly relevant. Isaiah's declaration was submitted as foundation for the documents Jeremiah Grant relied upon in issuing his expert opinion on Washakie's financial status.

Second, the three categories are proportional to the needs of the case. This case involves a dispute over a $10 million transfer as well as liability for a more than $30 million judgment. The information should not be difficult to access as it includes recent tax records, which should be kept on file by the company, and documents Defendant has already relied upon in this litigation. Because they should be relatively easily accessed, they place a limited demand on Defendant's resources. Despite all this, Defendant argues a lack of proportionality because Plaintiff seeks "all documents regarding a topic." (Motion to Quash p. 5, ECF No. 70.) While a request for an entire category of documents may sometimes be overbroad, this is not such a case. The scope of the requests for fuel credits is limited to the time between 2012 and 2015 and the requests are for only some of the documents related to fuel credits—those signed by Kingston or written by United States agency and indicating improper or subject to repayment. The request for those documents Isaiah Kingston identified in his declaration is necessarily limited to those cited by him.

Finally, the Fifth Amendment does not bar production of the documents at issue because they are already in the custody of the United States Internal Revenue Service. (Decl. of Laura Fuller ¶ 5, ECF No. 70.) *See United States v. Hubbell*, 530 U.S. 27, 44 (2000) (quoting *Fisher v. United States*, 425 U.S. 391, 411 (1976)) ("'The existence and location of the papers are a foregone conclusion and the taxpayer adds little or nothing to the sum total of the Government's information by conceding that he in fact has the papers.'").

For these reasons the motions to quash are DENIED.

DATED this 11th day of June, 2018.

                              BY THE COURT:

                              _____
                              Clark Waddoups
                              United States District Judge