IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LIFETREE TRADING PTE,<br><br>                Plaintiff,<br><br>v.<br><br>JACOB O. KINGSTON,<br><br>                Defendant. | **MEMORANDUM DECISION & ORDER DENYING MOTION FOR DEFAULT**<br><br>Case No. 2:18-cv-215-CW<br><br>District Judge Clark Waddoups |

Before the court is Plaintiff Lifetree Trading's Motion for Entry of Default. (ECF No. 92.) Plaintiff contends it is entitled to default judgment against Defendant Kingston because Defendant failed to timely answer the Complaint. Having reviewed the Plaintiff's briefing and the docket and otherwise being fully informed, the court hereby DENIES Plaintiff's motion for the reasons set forth herein.

On March 9, 2018, Plaintiff filed its Complaint (ECF No. 1) and an Ex Parte Motion for Writ of Attachment (ECF No. 3). The court granted a temporary Writ (ECF No. 16),[1] and Plaintiff served Defendant with the Writ and supporting documents, the Complaint, and a summons on March 21, 2018 (ECF No. 17). The parties then jointly sought an extension of time to answer, which the court granted on March 20, 2018. (ECF Nos. 26 & 27.) On April 23, 2018, Defendant filed his Motion to Dismiss. (ECF No. 29.) The court rendered a ruling from the bench during a hearing on June 12, 2018, denying the Motion to Dismiss and thereby triggering Defendant's obligation to answer the Complaint. (ECF Nos. 79 & 83.) Fed. R. Civ. P. 12(a)(4).

---

[1] On June 13, 2018, the court ordered that the Writ remain in place pending resolution of the action, upon the stipulation of the parties. (Order 2, ECF No. 83.)

Defendant did not answer, however, and on June 28, 2018, Plaintiff filed a Notice of Intent to Seek Default. (ECF No. 86.) That same day Defendant filed a Motion for Extension of Time to File Answer in which he represented that his counsel was mistaken about the answer deadline and was otherwise occupied with this litigation and related cases. (ECF No. 87.) The court granted the extension on July 2, 2018 (ECF No. 89), and Plaintiff filed this Motion seven days later on July 9, 2018 (ECF No. 92). Plaintiff represented to the court Defendant had again exceeded time to answer. Nevertheless, Defendant filed his Answer on July 11, 2018. (ECF No. 96.)

Federal Rule of Civil Procedure 55 permits entry of default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Here, although Defendant was dilatory in filing his Answer, he has been actively defending the action, including by filing a Motion to Dismiss. And he has now answered the Complaint. Further, Plaintiff has not alleged it is prejudiced in anyway by the delay; Defendant, on the other hand, would suffer significant prejudice if the court granted default and denied him the opportunity to defend himself. Thus, the court cannot, in its sound discretion, *Grandbouche v. Clancy*, 825 F.2d 1463, 1468 (10th Cir.1987), conclude that default judgment, which is an extreme sanction, is appropriate at this point in this litigation, *see Hart v. Connected Wireless, Inc.*, Case No. 2:17-cv-186, 2018 WL 2723881 (D. Utah June 6, 2018) (slip copy) (concluding default under Rule 55 was inappropriate where the defendant had filed an answer, attended a settlement conference, and participated in other proceedings and concluding default was not otherwise appropriate as a sanction). The court warns Defendant's counsel, however, that continued late filings may result in sanctions, including possible dismissal of the action.

IT IS HEREBY ORDERED that Plaintiff's Motion for Default (ECF No. 92) is DENIED.

DATED this 19th day of July, 2018.

BY THE COURT:

Clark Waddoups
United States District Judge