IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LIFETREE TRADING, PTE. LTD., <br><br> Plaintiff, <br> v. <br><br> JACOB O. KINGSTON, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL <br><br> Case No. 2:18-cv-00215-CW-BCW <br><br> District Judge Clark Waddoups <br><br> Magistrate Judge Brooke Wells |

Before the court is Plaintiff, Lifetree Trading, PTE., LTD.'s (Lifetree), Motion to Compel Production of Documents.[1] Having considered the parties' memoranda, the court will grant Plaintiff's motion.

## BACKGROUND

Lifetree is a trader and supplier of biofuels.[2] It is alleged Defendant Jacob O. Kingston is the Chief Executive Officer of Washakie Renewable Energy (Washakie), a company that claimed to be a producer of biofuels.[3] In 2014, Washakie sought and entered an agreement with Lifetree for the purchase of 450,000,000 gallons of biodiesel fuel.[4] This lawsuit centers on the recovery of a judgement entered in an action in New York.[5] One of Plaintiff's main allegations in the New York action was a fraudulent transfer in the amount of $9,999,980.00 from Washakie to Kingston.[6] At the onset of this lawsuit, Lifetree filed an Ex Parte Motion for Prejudgment

---

[1] ECF No. 1.

[2] *Id*. at 3.

[3] *Id.*

[4] *Id*. at 4.

[5] Verified Complaint, ECF No. 1, at pp. 1-2.

[6] *Id*. at 2.

Writ of Attachment.[7] Since the writ required briefing and oral argument, the Court entered the following docket text order on April 27, 2018:

> Requirements under Federal Rule of Civil Procedure 16(b) are suspended pending resolution of the Prejudgment Writ of Attachment. The parties will have until and including fourteen days after resolution of the Prejudgment Writ to comply with the rule.[8]

On June 15, 2018, the Court issued an Order concluding the writ "will remain in place pending resolution of this action."[9] Since the writ was resolved on June 15, 2018, per the docket text order referenced above, the parties had until June 29, 2018, to comply with Rule 16(b).

Instead, it is alleged counsel for the parties had an initial attorney's planning conference meeting on May 17, 2018.[10] On May 24, 2018, Plaintiff's counsel sent Defendant's counsel a proposed Attorney Planning Meeting Report.[11] Previously, on May 9, 2018, Plaintiff had served Defendant its First Request for Production of Documents.[12] It is alleged Plaintiff's counsel sent emails to Defendant's counsel inquiring about Defendant's intent to respond to the requests and that both emails were ignored.[13] Defendant's counsel argues the time to respond to the discovery requests would not begin to run until entry of an attorney planning meeting report, but defense counsel also never responded or approved the draft of the proposed attorney planning meeting report provided by Plaintiff's counsel.[14]

---

[7] ECF No. 3

[8] ECF No. 33.

[9] ECF No. 83.

[10] ECF No. 93 at 1-2.

[11] *Id.* at 2.

[12] *Id.* at 1.

[13] *Id.* at 2.

[14] *Id.*

In the opposition brief, Defendant argues he has not been served the requests and Plaintiff was not harmed by the non-production. Defendant also claims the meeting on May 17, 2018 was not a Rule 26 (f) conference and therefore the 30-day time period for production under Rule 34 has not begun to run. Notably, Defendant never explains why he did not respond to Plaintiff's follow up emails, sought an extension or protective order, or cited the language of the docket text order as a basis for suspending discovery. In fact, Defendant claims there is "no deadline set for a Rule 16(b) Scheduling Conference or Scheduling Order."[15] The docket text order expressly provides the "parties will have 14 days after the resolution of the Prejudgment Writ to comply with the rule."[16] And Defendant acknowledges that under that scenario, "Defendant would have until July 29, 2018, to comply with Plaintiff's Request for Production."[17] On July 30, 2018, Defendant did respond to the document requests,[18] the court will now review the adequacy of those responses.

## DISCUSSION

The Federal Rules of Civil Procedure govern discovery in federal civil actions. Federal district courts have broad discretion over discovery.[19] Rule 26 provides that parties

> may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.[20]

---

[15] ECF No. 105 at 6.

[16] ECF No. 33.

[17] ECF No. 105 at 7.

[18] ECF No. 105-1.

[19] *See Morales v. E.D. Etnyre & Co.*, 229 F.R.D. 661, 662 (D.N.M. 2005) (citing cases).

[20] Fed. R. Civ. P. 26(b) (2018).

3

Information within the scope of discovery need not be admissible in evidence at trial to be discoverable.[21] Under Rule 26(c), a court on its own, or via motion, may limit discovery.[22] Such limitations help prevent discovery that is unreasonably cumulative or duplicative and encourages parties to obtain discovery from convenient less burdensome inexpensive sources.[23]

    I.    Document Requests

Document Requests 1-22 pertain to financial assets and detailed financial and banking statements belonging to the Defendant and Washakie. Defendant did not provide Plaintiff any documents with the production. Defendant did not even raise objections in any of the responses. Instead, in the responses to almost every request, Defendant referenced exhibits used at hearing held in this court on June 12, 2018, specifically, Exhibits 1-26, 28, 30, 41, **48**, 49, **52(b)**, 54, 57 and 57a, **59.**[24] Citing to hearing exhibits is not responsive under Rule 34(b)(2). In addition, for about a third of the responses, Defendant did not reference documents, he simply stated as follows:

> Defendant has made a diligent effort to locate those documents which are relevant to the matter at hand, and what has been located has been attached hereto or was provided at a previous time. Defendant reserves the right to supplement its responses according to the Federal Rules of Civil Procedure.

Since this is Defendant's first discovery request in this action, the Court is surprised by Defendant's claim he has previously provided the documents. In his opposition brief, Defendant argues he has produced many of these requested documents before in prior productions in actions in other courts, including in other states. Any prior production of documents in other actions

---

[21] *See id..*

[22] [Fed. R. Civ. P. 26(c)](#) (A court may issue a protective order "for good cause ... to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.").

[23] *See id.*

[24] The ones bolded were admitted into evidence.

shall not relieve the Defendant from complying with discovery requests in this action. The court finds the document requests relevant at this stage of the litigation and proportional to the needs of the case. Accordingly, the Court grants the motion to compel and orders the Defendant to provide full responses to them within 14 days of this order.

II.     Other considerations and sanctions

Plaintiff also requested sanctions under Rule 37, specifically expenses and attorney's fees incurred in bringing this motion. The court is concerned by Defendant's unresponsiveness to the discovery requests. Accordingly, the Court will take under advisement the imposition of sanctions. Whether or not sanctions are entered will depend in large part upon Defendant's cooperation, thoroughness and timeliness in providing the discovery that is the subject of this order.

Given the unique circumstances of this case, and to prevent any further potential for confusion, the Court will simply enter a Scheduling Order in this matter shortly.

CONCLUSION AND ORDER

Based upon the foregoing it is hereby ORDERED that Plaintiff's motion [ECF No. 93] is GRANTED. Defendant is to provide responses to the discovery requests within fourteen (14) days from the date of this decision.

IT IS SO ORDERED.

DATED this 24 August 2018.

Brooke C. Wells
United States Magistrate Judge